30 C.C.P.A.(Patents)

**In re DARMS.**

**Patent Appeal No. 4652.**

Court of Customs and Patent Appeals.

Dec. 1, 1942.

134

John L. Woodward, of Washington, D. C. (Wilbur W. Williamson, of Philadelphia, Pa., of counsel), for appellant.

W. W. Cochran, of Washington, D. C. (E. L. Reynolds, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

GARRETT, Presiding Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming that of the examiner rejecting, as unpatentable over prior art cited, all the claims (seven in number) of appellant's application for patent for a fire extinguisher which the brief for appellant describes in general terms as follows:

"The invention * * * relates to a portable hand operated type Fire Extinguisher wherein the fire extinguishing fluid is contained within a metal receptacle hermetically sealed or otherwise closed to prevent accidental spilling of the fluid and having an air pump removably attached thereto which pump is provided with means to puncture the receptacle without separation of the pump from the receptacle. The fire extinguisher includes in combination a removable or detachable receptacle, having an outlet at one end covered by a removable tab, and a pump mounted on the other end of the said receptacle and the pump having means or cooperating with means to puncture said receptacle to provide an air inlet from the pump to said receptacle."

The brief for appellant quotes claims numbered 9 and 13 as illustrative of the issue involved. They read:

"9. A fire extinguisher comprising a sealed receptacle having an outlet, means attached to the receptacle to temporarily seal said outlet and being manually removable, a sleeve on said receptacle, and an air pump connected to said sleeve and including a barrel, a reciprocating stem having a pointed end to be driven into said receptacle by the operation of the pump and a plunger on said stem a sufficient distance back of the pointed end to permit the latter to be driven into the receptacle."

"13. A fire extinguisher comprising a sealed receptacle, a pump including a reciprocating stem having a pointed end, means to detachably connect said receptacle and pump together whereby an extended forward movement of the stem will cause the pointed end to penetrate a wall of the receptacle, and a plunger on said stem to supply air to the receptacle after the latter has been punctured."

The references listed and discussed in the decision of the board are the following patents:

Harrison, 329,309, October 27, 1885;

Rose, 1,300,654, April 15, 1919;

McCormick, 1,864,505, June 21, 1932.

In the examiner's statement following the appeal to the board, reference was made to a patent to one D'Olive in connection with claim 8 which contains a limitation respecting "a tab removably attached to the receptacle to temporarily seal" the outlet for the "fire extinguishing fluid." Claim 9, it is noted, contains a somewhat similar limitation. The examiner's statement declared that the D'Olive patent showed that form of closure on a container and that claim 8 had been rejected on McCormick in view of D'Olive.

The board made no reference to the D'Olive patent and appellant did not cause it to be made a part of the record in the appeal to us. We deduce from the decision of the examiner that he regarded that feature as being obvious and common, the patent to Harrison being cited as illustrative, and it seems clear that the board regarded the Harrison patent as an anticipation of it. It seems to have been cited for that feature only. In any event, under the situation here presented, the

statement of the examiner relative to the disclosure of the D'Olive patent must be regarded as correct. In re Pirani, 75 F. 2d 223, 22 C.C.P.A.,Patents, 1002.

The patent to Rose is entitled "Dry-Spraying Machine," the device being designed particularly for spraying material in powder form upon trees, plants, etc. It discloses a cylindrical casing or barrel having an outlet at one end. An air pump piston having a pointed extension at the end of the piston rod is slidable in the casing. The material to be sprayed is contained in a cylindrical package designed to be inserted in the barrel. The ends of the package are preferably of material which may be easily punctured by the pointed end of the piston rod when the latter is moved forward, so that air under pressure may be admitted at one end of the package and the material driven out at the other end. The forward end of the pump is removable, being in the form of a screw cap having threads which fit into corresponding threads at the forward end of the barrel, a rib or flange being provided as a stop to hold the package containing the material in the forward end of the barrel.

The McCormick patent is for a spraying apparatus "for dispensing insecticides and the like." As described in the decision of the board, it "shows a commercial package of powdered material provided with a screw threaded socket in which the end of the air pump may be secured. The discharge opening apparently is made by some sharp tool and instead of puncturing the bottom wall of the socket, as appellant proposes, this patent shows a pivoted cover for obtaining the same result."

With respect to the patent to Harrison for a hand chemical fire-extinguisher, it was pointed out that it discloses a soldered closure easily removable when the liquid is to be ejected.

Appellant's reasons of appeal relied upon are summarized in the brief on his behalf as follows:

"The Board of Appeals erred in rejecting the claims, which cover a new combination, on an aggregation of references, no one of which has all of the elements of the combination or their equivalents.

"The Board of Appeals further erred in rejecting the claims on non-anticipating references and then stating that the differences do not amount to invention."

The brief also submits the following as comprehending the issues to be determined:

"1. The first question is whether the modification of Rose, a non-analogous patent and the changes which must be made to approximate appellant's claims, can be derived from the three patents, or whether they spring from the knowledge derived from appellant's disclosure.

"2. The next question is whether the novel combination is patentable over the prior references none of which show or suggest the same combination. Appellant's contention is that his combination herein claimed accomplishes a new and useful result in a novel manner and by a novel mode of operation, and that [the] Rose, McCormick and Harrison patents singly or taken together do not make it obvious to one skilled in the art to make the Fire Extinguisher as herein claimed by appellant, and therefore the combination claimed herein constitute invention over said references."

■ We may say in the first place that we are not impressed with the argument respecting the Rose and McCormick patents being in a non-analogous art. It is true that they relate to sprayers which were not primarily intended for use as fire extinguishers while the introductory clauses of the claims on appeal recite that appellant's device was intended to be used for that purpose. But the actual art involved in the patents and in the application at issue, disregarding the functional statements relative to purpose, is broadly that of spraying material by the use of air pressure. All the claims before us are structural claims, and we think the real question is whether it involved invention to combine features shown in combination in the prior art in the manner followed by appellant. It may be conceded that certain of the features constituting the prior art combinations had to be modified in certain respects in order to accomplish appellant's purpose, but the real question is whether such modifications as were required fell within the scope of mechanical skill, not rising to the plane of invention.

As has been stated, claims 9 and 13 were selected by appellant as illustrative of the issues. We think this was a fair selection and do not regard it necessary to analyze all the other claims in detail. The board did not, in fact, analyze any of them, but

stated generally, after briefly describing the prior art:

"From this review of the prior art it is apparent that all of the details set forth in the appealed claims are old in the prior art."

The examiner regarded claim 9 as being in the same category as claims 2 and 3 which were rejected first, on Rose in view of Harrison and, second, on McCormick in view of Rose. It was the view of the examiner that the Rose patent met claim 1 fully, and met claims 2 and 3 except for the provision as expressed by the limitation in claim 9 (somewhat similarly expressed in claims 2 and 3) respecting manually removable means to seal the outlet, which latter feature he held to be "entirely obvious and common," citing the Harrison patent by way of illustration. With respect to the second ground of rejection (on McCormick in view of Rose) the examiner said (omitting the numerals):

"McCormick's patent discloses a receptacle carried by an air pump, the receptacle being provided with an outlet * * * formed by manually pushing out or removing the 'scored portion' of the container end * * *. Air from the pump enters the receptacle through a manually opened rotary valve * * *. It has been held that the substitution of Rose's spike plunger inlet forming means for McCormick's manual air inlet means would be obvious, the forming of only one of the necessary openings by this instrumentality being at least as obvious as the forming of both by this means."

This second ground seems to have been the particular ground of rejection of claim 9 (along with claim 14), the statement of the examiner saying:

"Claim 9 has been rejected on McCormick in view of Rose for the same reasons as claims 2 and 3, McCormick has a threaded sleeve connecting the air pump and container."

With respect to claim 13, the examiner was of opinion that it is fully met by the patent to Rose. Claim 13 embraces a limitation respecting means to detachably connect the sealed receptacle and pump together, not found in claim 9. The examiner held, in effect, that the limitation as expressed in the claim was met by the screw cap and threaded barrel arrangement, in connection with the flange shown as a stop, above described as a disclosure of the Rose patent.

 The analyses made of the prior art by counsel for appellant and the differences pointed out between such art and the combination of appellant have received detailed study and careful consideration, but we are not convinced that the conclusion reached by the tribunals of the Patent Office was erroneous.

Accordingly, the decision of the Board of Appeals is affirmed.

Affirmed.